UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JACOB COOPER,<br><br>Defendant. | Case No. 3:19-mj-04254-1<br><br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM OPINION**

Defendant Jacob Cooper has been indicted by the Grand Jury of the United States District Court for the District of Columbia on one count of "knowingly and willfully transmit[ting] in interstate and foreign commerce from the State of Tennessee into the District of Columbia, a communication threatening to 'shoot up,' injure, and cause harm to a Planned Parenthood facility and individuals therein located in the District of Columbia," in violation of 18 U.S.C. § 875(c). Cooper was arrested in the Middle District of Tennessee and appeared before this Court on August 26, 2019, for a hearing on the United States' motion to detain him pending trial (Doc. No. 2). Based upon the testimony, evidence, and argument presented at that hearing, the United States' motion is GRANTED.

**I.     Legal Standard**

A defendant may be detained pending trial only upon the Court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). The Court's finding that no combination of conditions will reasonably assure the community's safety must be supported by clear and convincing evidence. *Id.* § 3142(f)(2)(B). A finding of risk of flight must

be supported by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.")

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4).

**II.     Findings of Fact**

The United States offered evidence in support of its motion through the testimony of Federal Bureau of Investigation Agent Richard Baer. Baer became involved in this matter after the FBI's Washington, D.C. field office identified Cooper in an investigation of threats made on the website iFunny.co. Baer conducted surveillance of Cooper and participated in his arrest. Baer also adopted as his testimony the affidavit of FBI Special Agent Jamie L. Stranahan made in support of a warrant for Cooper's arrest.

In the affidavit, Agent Stranahan stated that, around August 13, 2019, a post made by a person with the username "JustSomeLeftist" was reposted on the iFunny.co website. The post stated: "God ive been screen shotting these crazy assholes accounts for evidence for 2 years now. I wasn't sure if the FBI took this stuff seriously but now seeing as they do take it seriously I think

2

its about time I start filing reports with picture evidence ive had." (Gov. Ex. 3.)[1] An individual with the username "Jacco" commented in response to this post: "make sure you tell them about how I plan to shoot up a planned parenthood facility in Washington dc on August 19th at 3pm." (*Id.*) Another user transmitted a copy of Jacco's post to law enforcement.

Investigators then reviewed the account used by Jacco and found a post republished by Jacco earlier in the day on August 13, 2019, reading: "IF YOU ARE A MEMBER OF THE FBI, CIA, WHATEVER, AND ARE ON MY PROFILE I WILL TRACE YOUR IP ADDRESS AND KILL YOU IF THE OPPORTUNITY ARISES. And I am dead serious about this. I'll do it with ricin, a bomb, or .308. Whatever it takes, the end result will be the same. I am serious about this. If I am personally contacted by any federal agents, I will do this. I will kill you. Again, I am serious. Sic semper tyrannis." (Gov. Ex. 4.) Through other posts, investigators were able to connect the iFunny.co username Jacco to the Xbox Gamer tag "Non Toxic Paint." The Xbox Gamer account associated with that tag was created by Cooper in December 2014. Investigators also found an iFunny.co post made by Jacco on July 15, 2019, stating "birthday time." Cooper's date of birth is July 15, 1999.

Investigators identified the IP address used by Jacco to log into iFunny.co and determined that it was assigned to Cooper with an associated residential address in Clarksville, Tennessee.[2] During surveillance of that residence, investigators observed a man matching Cooper's description being dropped off at and entering the home. Cooper was arrested at that address on August 21,

---

[1] In addition to their transcription in Stranahan's affidavit, the United States offered screen shots of the subject posts as evidence at the August 26, 2019 hearing.

[2] The affidavit erroneously identifies the address as being in Clarksville, Maryland.

2019. The home was searched pursuant to a warrant; no firearms were discovered in the search. Cooper did not resist arrest.

Baer interviewed Cooper's brother after Cooper's arrest. Cooper's brother stated that he and Cooper spent a lot of time together gaming and watching livestream events on the internet. Cooper's brother stated that Cooper could become aggressive while they played games on the internet and had punched a hole in a door and threatened his brother with physical violence during such episodes; Cooper's brother stated that the aggression was worse when Cooper had been drinking. Cooper's brother further stated that Cooper has had suicidal ideations and expressed interest in purchasing a firearm in the past, most recently after the August 3, 2019 mass shooting in El Paso, Texas.

The United States introduced into evidence three additional screen shots of posts made to iFunny.co by Jacco. The first shows what appear to be stock images of firearms that Baer testified were not alleged to belong to Cooper. (Gov. Ex. 2.) The second shows images of Ted Kaczynski surrounding the text "DO IT FOR HIM." (Gov. Ex. 5.) The third shows text reading: "women dont fucking deserve to be the carriers of human life. they unanimously support abortion and the degradation of the family at least in the united States. if only i could impregnate one of my bros. i know theyd be a better mother than any 'modern woman.'" (Gov. Ex. 6.)

Cooper's mother testified that Cooper has lived most of his life in Middle Tennessee and has no passport. He recently worked at Walmart and was to begin a new job as a security guard at Western State Hospital on the day of his arrest. She has never seen him in possession of a weapon.

The report provided by the Office of Probation and Pre-Trial Services states that Cooper graduated from high school in 2017 and did not pursue further education. The report shows that

Cooper has no criminal history or substance abuse history. It recommends that Cooper be detained pending trial based on the nature of the charged offense and safety concerns for the community.

**III.      Analysis**

The United States did not argue that there is a risk Cooper will not appear at future court proceedings. The question before the Court is therefore whether the United States has met its burden to show by clear and convincing evidence that Cooper would present a danger to the community that cannot be controlled by conditions of release if he is not detained pending trial. To reach that determination, the Court considers each of the factors of 18 U.S.C § 3142(g) in light of the evidence and testimony presented.

**A.      Nature and Circumstances of the Offense Charged**

Cooper is charged with one count of communicating threats in interstate commerce in violation of 18 U.S.C. § 875(c). To trigger that statute, a communication must rise to the level of a "true threat," defined as a "'serious expression of an intention to inflict bodily harm'" that is "'conveyed for the purpose of furthering some goal through the use of intimidation.'" *United States v. Houston*, 683 F. App'x 434, 438 (6th Cir. 2017) (quoting *United States v. Alkhabaz*, 104 F.3d 1492, 1495 (6th Cir. 1997)). The threat need not be communicated directly to its intended target to be considered a "true threat." *Id.* Communicating a threat in violation of 18 U.S.C. § 875(c) constitutes a "crime of violence" for purposes of the Bail Reform Act. *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013).

The circumstances of Cooper's charged offense are the communication on the iFunny.co website by Jacco of the statement: "make sure you tell them about how I plan to shoot up a planned parenthood facility in Washington dc on August 19th at 3 pm." This statement conveys an intent to commit violence against a particular entity at a specific date and time. The gravity of that statement is bolstered by Jacco's earlier post: "IF YOU ARE A MEMBER OF THE FBI, CIA,

5

WHATEVER, AND ARE ON MY PROFILE I WILL TRACE YOUR IP ADDRESS AND KILL YOU IF THE OPPORTUNITY ARISES. And I am dead serious about this. I'll do it with ricin, a bomb, or .308. Whatever it takes, the end result will be the same. I am serious about this. If I am personally contacted by any federal agents, I will do this. I will kill you. Again, I am serious. Sic semper tyrannis."

Both statements communicate an intent to commit crimes of violence that, if realized, would put members of the community in grave danger. This factor weighs in favor of detention.

### B. Weight of the Evidence

This factor addresses "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. A Grand Jury has indicted Cooper on the charged offense, which constitutes a finding of probable cause that his August 13, 2019 statement regarding shooting at a Planned Parenthood facility communicates "a serious expression of an intention to inflict bodily harm . . . ." *Houston*, 683 F. App'x at 438 (quoting *Alkhabaz*, 104 F.3d at 1495). The screen shots of additional posts by Jacco provide additional weight to the evidence supporting a finding of danger. Although Cooper questioned Baer's determination that Cooper is the person who posts on iFunny.co as Jacco, he offered no evidence to dispute Baer's testimony regarding the means by which the FBI connected Cooper to that username. This factor weighs in favor of detention.

### C. Cooper's History and Characteristics

The Court must also consider Cooper's individual history and characteristics, including, among other factors, his character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history. 18 U.S.C. § 3142(g)(3)(A)–(B). Cooper has no criminal record and no reported history of drug or alcohol abuse. Cooper's mother testified that he has lived in Middle

Tennessee for most of his life and, although she characterizes him as a social "loner," has family ties in this community. Cooper was regularly employed at Walmart for one year before his arrest. Because he has no prior arrests or criminal convictions, he was not on probation, parole, or any other form of supervision at the time of the alleged conduct. This factor weighs against detention.

      **D.    The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed By Cooper's Release**

The online posts attributed to Cooper promise the most serious public danger and repeatedly avow that those promises are not idle. Because the alleged threatening conduct takes place on the internet, likely accessed from Cooper's home, it is particularly difficult to control with conditions of pretrial release. Even if the Court were to impose home detention and electronic monitoring, as Cooper suggests, those conditions would not make the internet unavailable. The stated disdain for law enforcement contained in the posts attributed to Cooper further casts doubt on the effectiveness of any conditions the Court might impose.[3] The Court therefore finds that the United States has met its burden to show by clear and convincing evidence that Cooper would present a danger to the community if released pending his trial that cannot adequately be controlled by conditions.

---

[3] It also appears that Cooper successfully initiated contact with the Magistrate Judge's chambers while incarcerated. The Magistrate Judge received a collect telephone call to her chambers on August 27, 2019, from a person who identified himself as "Cooper." Investigation by the U.S. Marshal discovered that, in a telephone call made from the detention facility where Cooper was housed, Cooper asked his mother to obtain the Magistrate Judge's chambers telephone number for him through an internet search. Cooper's mother complied, and the Court received the telephone call shortly thereafter. Chambers staff terminated the call after Cooper stated his name. The Court disclosed this ex parte contact to counsel for the parties in a telephone conference on August 29, 2019, and offered counsel the opportunity to request recusal by remittal, which they declined.

## IV. Conclusion

For these reasons, Cooper is ORDERED remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Cooper must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Cooper to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge